| | |
|---|---|
| 1 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| | P. CRAIG CARDON, Cal Bar No. 168646 |
| 2 | BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531 |
| | PATRICK RUBALCAVA, Cal Bar No. 335940 |
| 3 | 1901 Avenue of the Stars, Suite 1600 |
| | Los Angeles, California 90067-6055 |
| 4 | Telephone:   310.228.3700 |
| | Facsimile:    310.228.3701 |
| 5 | Email:          ccardon@sheppardmullin.com |
| | baigboboh@sheppardmullin.com |
| 6 | prubalcava@sheppardmullin.com |
| 7 | *Attorneys for Defendant* |
| | PATAGONIA, INC. |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER KNIGHT, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION** |
| v. | **DEFENDANT PATAGONIA, INC.'S NOTICE OF REMOVAL** |
| PATAGONIA, INC., | [Superior Court of California, County of Ventura, Case No. 2024CUBT030800] |
| Defendant. | Complaint Filed: September 18, 2024 |
| | Trial Date:          None Set |

NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Patagonia, Inc. ("Patagonia") hereby removes the above-captioned action—*Heather Knight v. Patagonia, Inc.*, Case No. 2024CUBT030800 (the "State Court Action")—from the Superior Court of California for the County of Ventura to the United States District Court for the Central District of California.

## I.   BACKGROUND

1. On September 18, 2024, Plaintiff Heather Knight ("Plaintiff") filed a *Class Action Complaint* ("*Complaint*") against Patagonia in the State Court Action. Ex. A (*Complaint*).[1]

2. The *Complaint* asserts a claim for violation of Arizona's Telephone, Utility and Communication Service Records Act, A.R.S. § 44-1376 *et seq.* ("Arizona Records Act"), on behalf of Plaintiff and a putative class of other similarly-situated individuals located in Arizona arising from Patagonia's alleged use of tracking pixels in its marketing emails. Ex. A (*Complaint*) ¶¶ 1, 44.

## II.   REMOVAL IS PROPER

3. Under the Class Action Fairness Act ("CAFA"), federal courts have jurisdiction over putative class actions if: (a) any member of the plaintiff class is a citizen of a State different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief (*id.* § 1332(d)(5)(A)); (c) there are more than 100 members in the putative class(es) (*i.e.*, there is "minimal diversity") (*id.* § 1332(d)(5)(B)); and (d) the amount in controversy exceeds $5,000,000, exclusive of interests and costs (*id.* § 1332(d)(6)).

4. The State Court Action is removable under CAFA because putative class members are citizens of a State different from that of Patagonia (which is not a state, state official, or other government entity), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Patagonia in the State Court Action are attached hereto as **Exhibit A**.

### A. Minimal Diversity Exists

5. Minimal diversity exists where any member of the putative class is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

6. The *Complaint* alleges Plaintiff is an Arizona citizen. Ex. A (*Complaint*) ¶ 7.

7. Patagonia is a California corporation with its principal place of business in California. As such, Patagonia is a citizen of California. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated") (citing 28 U.S.C. § 1332(c)(1)).

8. Plaintiff is a resident of Arizona. Ex. A (*Complaint*) ¶ 7. The *Complaint* alleges that Plaintiff seeks to represent a putative class of "[a]ll persons within Arizona who have opened a marketing email containing a tracking pixel from Defendant." *Id.* ¶ 44. Many of those individuals are likely citizens of Arizona, including, at minimum, Plaintiff.

9. Because members of the putative class are citizens of a state different from Patagonia, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

### B. Patagonia Is Not A State, State Official, Or Government Entity

10. Patagonia is not a state, state official, or government entity. As such, CAFA's non-governmental entity requirement is satisfied. 28 U.S.C. § 1332(d)(5)(A).

### C. The Putative Class Exceeds 100 Class Members

11. Plaintiff alleges that "[o]n information and belief, members of the Class number in the hundreds of thousands." Ex. A (*Complaint*) ¶ 46. The putative class thus exceeds 100 members.

### D. The Amount In Controversy Exceeds $5,000,000

12. Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the *Complaint* does not include a specific total monetary demand—

and Patagonia denies that it has any liability, or owes any damages, to Plaintiff or any putative class—the amount in controversy requirement is met.

13. The *Complaint* seeks, at minimum, $1,000.00 per alleged violation of the Arizona Records Act. Ex. A (*Complaint*) ¶ 62; *see also id.* at Prayer for Relief.

14. The *Complaint* alleges that the putative class includes "hundreds of thousands" of individuals. Ex. A (*Complaint*) ¶ 46. As such, the minimum amount in controversy is $100 million ($1,000 x 100,000).

15. Therefore, CAFA's amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(d)(2), (d)(6).

### III. THE *NOTICE OF REMOVAL* IS PROCEDURALLY PROPER

16. This *Notice of Removal* contains a "short plain statement of the grounds for removal" and includes copies of the *Complaint* and other any process, pleadings, and orders Plaintiff served on Patagonia. 28 U.S.C. § 1446(a).

17. This *Notice of Removal* is timely filed under 28 U.S.C. §§ 1446(b) and 1453(b). Plaintiff served the *Complaint* on Patagonia on October 1, 2024. Patagonia's deadline to remove, therefore, is October 31, 2024. 28 U.S.C. §§ 1446(b), 1453(b).

18. Venue is proper in the United States District Court for the Central District of California because the State Court Action was filed and is pending in the Superior Court of California for the County of Ventura, which is within the Central District of California. 28 U.S.C. §§ 1441(a), 1446(a).

19. Patagonia will promptly file the *Notice to Superior Court and Adverse Party of Removal to Federal Court* attached hereto as **Exhibit B** with the State Court and provide a copy of the same to Plaintiff. 28 U.S.C. § 1446(d).

20. By removing the State Court Action to this Court, Patagonia does not waive any defenses that are available to it under state or federal law. Patagonia expressly reserves all threshold defenses to this action and its right, for example, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

## IV. CONCLUSION

21. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, Patagonia respectfully removes this action from the Superior Court of California, Ventura County, to the United States District Court for the Central District of California.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: October 29, 2024    By   */s/ P. Craig Cardon*
P. CRAIG CARDON
BENJAMIN O. AIGBOBOH
PATRICK RUBALCAVA

*Attorneys for Defendant*
PATAGONIA, INC.