**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER KNIGHT, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>    v.<br>PATAGONIA, INC.,<br><br>        Defendant. | Case No. 2:24-CV-09349-MCS-AGR<br><br>**NOTICE OF MOTION AND MOTION TO REMAND**<br><br>Date: December 16, 2024<br>Time: 9:00 a.m.<br>Location: Courtroom 7C<br><br>Hon. Mark C. Scarsi |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on Monday, December 16, 2024 at 9:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7C, 7th Floor, of the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, before the Honorable Mark C. Scarsi, Plaintiff Heather Knight ("Plaintiff") will and hereby does move for an Order pursuant to 28 U.S.C. §1447(c), remanding this action to the Superior Court for the County of Ventura. This Motion is made on the grounds that Defendant has not established that subject matter jurisdiction existed at the time of removal.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the complete records and file in this action, and upon any other such oral or documentary evidence as may be presented prior to or at the hearing of this motion.

This motion is made following conference of counsel pursuant to L.R. 7-3 which took place on October 31, 2024.

Dated: November 7, 2024         **BURSOR & FISHER, P.A**.

By:  _/s/ L. Timothy Fisher_

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*

Plaintiff Heather Knight ("Plaintiff") respectfully submits this Memorandum of Law In Support of Her Motion To Remand pursuant to 28 U.S.C. § 1447(c).

## INTRODUCTION AND PROCEDURAL BACKGROUND

This case is now in its third court. On May 20, 2024, Plaintiff filed this action in the District of Arizona, Case No. 24-255 (the "Arizona Action"). Rosenberg Decl. Ex. 1. On August 7, 2024, Defendant filed a motion to dismiss the Arizona Action, arguing that "Plaintiff lacks Article III standing to bring this action, and the Court, therefore, lacks subject matter jurisdiction over this matter." ECF No. 11 at 7, Rosenberg Decl. Ex. 2. In order to avoid the need for court resolution of that issue, Plaintiff dismissed the Arizona Action on September 9, 2024, and refiled in California state court, in Ventura County, on September 18, 2024. *Id.* Ex. 3. Then, despite previously contending the federal court lacked subject matter jurisdiction over the dispute, Defendant removed the action to this Court on October 29, 2024. ECF No. 1.

On October 31, 2024, at 3 pm PT, the parties held a meet and confer telephone call pursuant to Local Rule 7-3. Rosenberg Decl. ¶ 5. The call was attended by Israel Rosenberg for Plaintiff, and Craig Cardon and Patrick Rubalcava for Defendant. On that call, Plaintiff's counsel explained to Defendant's counsel that its removal was improper, given that they contend that there is no Article III standing for Plaintiff's claims and advised that Plaintiff would file this motion. *Id.* In response, Mr. Cardon stated that Defendant would no longer assert a lack of Article III standing but still move to dismiss based on a purported lack of statutory standing. *Id.* ¶ 6. Plaintiff's counsel responded that the removal was still improper given that the burden to establish standing lies with the removing party. *Id.*

On November 6, 2024, Plaintiff's counsel sent an email reiterating her intention of filing this motion and requesting that Defendant reconsider its position. *Id.* ¶ 7. Defendant's counsel responded that it would only stipulate to remand if Plaintiff "will stipulate that she has not been injured and that she is not seeking and

damages for injury to her or the class." *Id.* Ex. 4.

This is a pattern by defense counsel. In another case asserting nearly identical claims under the same statute filed in California State Court, Defendant removed the case then promptly moved to dismiss for lack of Article III jurisdiction. *See* Motion to Dismiss, *Spector v. Williams-Sonoma*, No. 3:24-cv-06617 (N.D. Cal. removed Sep. 20, 2024); Rosenberg Decl. Ex. 5, 6.

## ARGUMENT

### I. NINTH CIRCUIT LAW IS UNAMBIGUOUS: REMOVAL IS ONLY PROPER UPON A SHOWING OF ARTICLE III JURISDICTION

"Upon removal, the burden to demonstrate Article III jurisdiction shifts to the Defendant as [t]he party invoking federal jurisdiction." *Jones v. Ford Motor Co.*, 85 F.4th 570, 573 (9th Cir. 2023) (internal quotations omitted); *see also Smelt v. Cnty. of Orange*, 447 F.3d 673, 632 (9th Cir. 2006) ("The burden of showing that there is standing rests on the shoulders of the party asserting it."). "If the district court is confronted with an Article III standing problem in a removed case – whether the claims at issue are state or federal – the proper course is to remand for adjudication in state court." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018). This rule applies as much "to a case removed pursuant to CAFA as to any other type of removed case." *Polo v. Innoventions Int'l*, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016).

In *Davidson*, the Ninth Circuit addressed this scenario: "[i]n prevailing on a motion to dismiss only as to some claims for lack of standing, a defendant is also making the case against the removal of those claims once they are refiled in state court unaccompanied by the claims over which the district court did have jurisdiction. *See* 28 U.S.C. § 1447(a). **A 'perpetual loop' of removal to federal court and dismissal for lack of standing should not occur**." *Davidson*, 889 F.3d at 970 n.6 (emphasis added).

The law is clear: remand is required unless Defendant proves that the Court has jurisdiction.

## II. THE COURT SHOULD NOT REWARD DEFENDANT'S GAMESMANSHIP BY MAKING A FULL FINDING ON ARTICLE III STANDING IN ABSENCE OF A PROFFER BY DEFENDANT

Defendant's offer to agree to remand only if Plaintiff "will stipulate that she has not been injured and that she is not seeking and damages for injury to her or the class," Rosenberg Decl. Ex. 4, evinces an intent by Defendant to use an order from this court on Article III standing in order to boost its future arguments in state court, and/or in its counsel's other cases in which Defendant's counsel has filed motions to dismiss for lack of Article III jurisdiction. Clearly, Defendant and its counsel see its improper removal of this case as a win-win in that it will either obtain a stipulation or an order that will assist them in litigation in other courts.

This should not be countenanced by this Court. The Ninth Circuit's instructions that "the burden of showing that there is standing rests on the shoulders of the party asserting it," *Smelt v. Cnty. of Orange*, 447 F.3d 673, 632 (9th Cir. 2006), means that the Court should remand without a showing from Defendant to the contrary. To be clear, Plaintiff *does* believe that Article III jurisdiction exists over her claims, but she refiled in state court to avoid the delay, expense, and risk of disputing the issue in the Arizona Action. There is no basis to permit Defendant to force Plaintiff's hand in defending jurisdiction, solely for the purpose of avoiding bad case law and other inferences sought by Defendant, when Defendant is the party asserting jurisdiction in this Court. To do so would be a reward for plainly improper conduct on the part of Defendant and its counsel.

Judge Gilliam took the correct approach in *Yeh v. Twitter, Inc.*, 2023 WL 8429799 (N.D. Cal. Dec. 4, 2023). Like here, that decision noted that the defendant "previously spilled considerable ink in [a separate] action arguing that plaintiffs identically situated to Mr. Yeh has not shown Article III standing." *Id.* at *3. Because of that, the court noted that "Twitter's decision to remove this materially

identical case *to* federal court comes as something of a plot twist.  Given the inconsistency between Defendant's arguments in [the other action] and its action in *Yeh,* Plaintiffs motion puts Defendant on the spot to submit support for standing" (emphasis in original, cleaned up).

Ultimately, Judge Gilliam concluded that "[w]hile Plaintiff admittedly did not put forward an affirmative argument as to why standing does not exist (which would be the typical posture), the Court cannot ignore that Defendant already did. Without Defendant now showing that standing is proper after previously arguing to the contrary, the Court cannot consider the merits of the case." *Id.* *3.

That was the correct result in *Yeh* and it is correct here as well.  The reason that the Court lacks jurisdiction is not because Plaintiff has no standing under Article III, but rather because the proponent of jurisdiction will not even attempt to meet its burden to make a showing of jurisdiction.  That is distinct from an actual finding based on Plaintiff's allegations.  Defendant's opposition brief will certainly try to sabotage its own position by arguing that Article III standing is lacking based on Plaintiff's allegations.  However, that issue is not before the Court, and Defendant should not be permitted to remove a case in bad faith solely to either forum shop or obtain a ruling it views as beneficial.

### III. THE COURT SHOULD RETAIN JURISDICTION FOR THE PURPOSES OF PERMITTING PLAINTIFF TO MOVE FOR FEES

Plaintiff is permitted to move for "costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Such an award is proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Should the Court grant Plaintiff's motion to remand, she intends to meet and confer with Defendant and move separately for fees.  Plaintiff requests that the Court retain jurisdiction of this matter solely for that purpose.  *Pioneers Mem'l Healthcare Dist. v. Imperial Valley Healthcare Dist.*, 2024 WL 3858135, at *14 (S.D. Cal. Aug. 19,

2024) ("The Court will [] retain jurisdiction after remand to address Plaintiff's request [for fees].") (citing *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992)).

## CONCLUSION

For the foregoing reasons, this court should remand this case to the Superior Court of the State of California, County of Ventura.

Dated:  November 7, 2024            Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:   */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff and the Putative Class*

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1442 words, which complies with the word limit of L.R. 11-6.1.

*/s/ L. Timothy Fisher*
L. Timothy Fisher