JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER KNIGHT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PATAGONIA, INC.,<br><br>Defendant. | Case No. 2:24-cv-09349-MCS-AGR<br><br>**ORDER GRANTING MOTION TO REMAND (ECF NO. 10) AND DENYING MOTION TO DISMISS (ECF NO. 12)** |

1

Plaintiff Heather Knight moves to remand the case. (Mot., ECF No. 10.) Defendant Patagonia, Inc., opposed the motion, (Opp'n, ECF No. 11), and Plaintiff replied, (Reply, ECF No. 13.) The Court heard the motion on December 16, 2024. (Mins., ECF No. 17.) For the following reasons, the Court grants the motion.

## I. BACKGROUND

This is a putative class action for violation of Arizona's Telephone, Utility and Communication Service Records Act ("Arizona Records Act"). (*See generally* Compl., ECF No. 1-1.) Plaintiff seeks to represent a class of individuals who opened a marketing email from Defendant that contained a tracking pixel. (Compl. ¶ 44.) Plaintiff asserts that Defendant embeds spy pixels in its marketing emails, which are designed to extract information related to the delivered email, including when email subscribers open the emails, their location, how long it takes to read the email, subscribers' email addresses, and whether and to whom the email was forwarded. (*Id.* ¶¶ 3–4, 54–55.) Plaintiff alleges that Defendant did this without the consent of Plaintiff or the putative class members. (*Id.* ¶ 4.)

Plaintiff previously filed a substantively identical case against Defendant in the United States District Court for the District of Arizona, No. 4:24-cv-00255-RM. (Rosenberg Decl. Ex. 1, ECF No. 10-1.) Following Defendant's motion to dismiss, in which it argued, inter alia, that Plaintiff lacked Article III standing, Plaintiff voluntarily dismissed the case. (*Id.* Exs. 1–2); *Knight v. Patagonia Inc.*, No. CV-24-00255-TUC-RM, 2024 U.S. Dist. LEXIS 166067 (D. Ariz. Sept. 13, 2024). Plaintiff then filed this case in Ventura County Superior Court. (Compl., ECF No. 1-1.) Defendant removed this action under the Class Action Fairness Act. (NOR ¶¶ 3–15, ECF No. 1.)

## II. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant in state court can remove a civil action to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In determining whether removal is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party therefore bears a heavy burden to rebut the presumption against removal. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

### III. DISCUSSION

Plaintiff argues that Defendant improperly removed the case because removal contradicts a position Defendant took in a motion to dismiss the case filed in the District of Arizona. (Mot. 2.) Defendant responds that its notice of removal was proper, that the case law cited by Plaintiff is distinguishable, and that the district court in the prior case did not rule on its motion. (Opp'n 4–5, 7–10.) Neither party squarely addresses what the Court finds to be the dispositive question for the Court's decision to remand: whether Plaintiff lacks Article III standing.

While neither party admits that Plaintiff lacks Article III standing, "[i]t is the duty of federal courts to assure themselves that their jurisdiction is not being exceeded." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) (internal quotation marks omitted). Article III of the Constitution limits the "judicial Power" of the federal courts to "Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States." U.S. Const. art. III, § 2, cl. 1. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

"[T[he irreducible constitutional minimum of standing contains three elements."

3

*Id.* "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "[T]he plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms." *TransUnion v. Ramirez*, 594 U.S. 413, 417 (2021).

The only federal court that appears to have considered whether a violation of the Arizona Records Act is a harm traditionally recognized as providing a basis for federal suit answered the question in the negative. *See generally Hartley v. Urb. Outfitters, Inc.*, __ F. Supp. 3d __, No. CV 23-4891, 2024 WL 3445004 (E.D. Pa. July 17, 2024) (granting motion to dismiss for lack of standing). The Court finds the *Hartley* court's reasoning persuasive. It is unclear that the type of privacy interest that the Arizona Records Act seeks to protect has an analogue to a harm traditionally recognized at common law, as required by *TransUnion*. Indeed, like in *Hartley*, "Plaintiff does not analogize her present claim to appropriation of name or likeness, publicity given to private life, or false light—other invasion of privacy torts which involve the *disclosure* of private information." *Id.* at *5. Moreover, the Arizona Legislature does not seem to have evinced a desire to codify any kind of common law privacy right; instead, its purpose was to address the specific issue of companies selling customer telephone records on the internet. *See generally* Ariz. Senate Fact Sheet, 2006 Reg. Sess. H.B. 2785 (Mar. 27, 2006).

The Court is mindful that the Ninth Circuit found another state statute dealing with collection of consumer data satisfied the requirements of Article III standing. *Jones v. Ford Motor Co.*, 85 F.4th 570, 573–74 (9th Cir. 2023)at 573–74 (finding Article III

4

standing of plaintiffs seeking redress for violation of Washington state statute prohibiting collection of consumer information). As the Ninth Circuit recognized, "[a] statute that codifies a common law privacy right 'gives rise to a concrete injury sufficient to confer standing.'" *Id.* at 574 (quoting *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020)). But in contrast to the present case, the circuit panel rested its analysis on the Washington Supreme Court's observations that the statute at issue "codifie[d] . . . substantive privacy rights." *Id.* (citing *State v. Roden*, 321 P.3d 1183, 1185 (Wash. 2014) (en banc), and *State v. Clark*, 916 P.2d 384, 391–92 (Wash. 1996)). To the Court's knowledge, the Arizona Supreme Court has not passed on this question.

Unlike in *Jones*, Defendant here has not met its burden to show a violation of the Arizona Records Act amounts to an injury in fact sufficient to confer Article III standing. "[T]he Court is persuaded that since Defendant did not meet its affirmative burden of establishing Plaintiff's Article III standing after previously putting it in question . . . in materially identical litigation, remand is appropriate." *Yeh v. Twitter, Inc.*, No. 23-cv-01790-HSG, 2023 WL 8429799, at *4 (N.D. Cal. Dec. 4, 2023). The Court grants the motion to remand.

### IV. ATTORNEY'S FEES

Plaintiff requests that the Court retain jurisdiction after remand so she may move for an award of attorney's fees under 28 U.S.C. § 1447(c). (Mot. 4–5.) The Court retains jurisdiction to consider any post-remand motion to recover fees and costs under 28 U.S.C. § 1447(c) for 21 days. *Ee Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). Without rendering an advisory opinion on the anticipated motion, the Court observes that expending resources on the motion might not be a productive use of the parties' time and resources. Judicial estoppel did not preclude Defendant from raising a jurisdictional argument in the District of Arizona it elected not to raise in this Court, as Plaintiff elected to dismiss the case in that district before the court could rule

on Defendant's motion to dismiss. *See New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (requiring "success in a prior proceeding" for estoppel to apply). That said, Defendant's litigation strategy smacks of forum-shopping, which the Court generally discourages. The parties may elect to resolve the question of Plaintiff's entitlement to fees by stipulation, which would advance the "just, speedy, and inexpensive determination" of this matter by obviating the need for further expenditure of resources in federal court. Fed. R. Civ. P. 1.

## V. CONCLUSION

The Court grants the motion to remand. The Court denies Defendant's motion to dismiss (ECF No. 12) without prejudice because it lacks jurisdiction to entertain the motion. The case is remanded to Ventura County Superior Court, No. 2024CUBT030800. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**

Dated: January 30, 2025

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE